O’Neall, J.
A writ or process, although it is directed to all and singular the sheriffs of the State, and runs through all the districts, and may be served in any one; yet it must be “serv-by the sheriff (or his deputy) for the district where the defendant is found or resides.” P. L. 270. Any service of a writ. *521 made by the sheriff out of his district» is without authority, and is void: any subsequent proceedings had in the cause, not amounting to an express waiver of the objection, cannot cure the defect. For the defendant is not bound to notice the service. There is nothing done in the case whereby the defendant can be regarded as in default: he has not disobeyed a legal requisition to appear.
The case of Pylant v. Townsend, 2 Con. Rep. (by Mill) 158, was, it is true, a motion to set aside the service of a writ on account of its being executed by the sheriff out of his district : but the Court do not say that such a service would be good. It was a disputed question of fact; on one side sustained by an affidavit in which it was said the defendant resided beyond the sheriff’s district (Kershaw;) on the other side “this evidence was rebutted (says the report) by other circumstance and an affidavit tending to shew that the service of the writ was good for Kershaw.” The presiding judge held the service to be good; and the Constitutional Court affirmed his decision, without assigning any reason: but it is manifest from the report, that if it had been clearly ascertained that the sheriff had served the writ without his district, the service would have been held to be bad.
The case of Lark v. Chappell, 1 M’C. 366, and Frean ads. Cruickshanks, 3 M’Cord 84, were cases where the defendants were absent from the State, at the time of seryice, but were still domiciled within it; it was held that the service of the writ by a copy left was good. These cases cannot avail this plaintiff; for in them the sheriff’s act was done confessedly within his jurisdiction and according to law, and the thing relied on to avoid it was the temporary absence of the defendants. This was adjudged to be insufficient to oust the jurisdiction of the Court over them, and hence the service was good.
In the case of Felder v. Johnson, 1 Bail 624, the defendant authorized an attorney to accept the service of a writ for him in a district where he did not reside ; and to appear to the case, it was held, that he could not revoke this authority after the return term of the writ: but this surely does not touch the question whether a void service can be made good by not moving to set aside the service at the first Court after it is made. In the case referred to, the defendant was in Court, and that by his own act. In the case before us, the defendant is not in Court, for its process has never been legally executed to compel his appearance. AH the proceedings are against a party not in Court, and therefore conclude nothing.
The motion to reverse the decision of the judge below, and to set aside the service of the writ, is granted.
Johnson and Harper, Js. concurred.